*Case No. 35494,* Reversed and remanded.

*Case No. 35546,* Reversed and remanded.

*Case No. 35636,* Certified question answered.

729 S.E.2d 231

**TUDOR'S BISCUIT WORLD OF AMERICA, Defendant Below, Petitioner**

**v.**

**Della M. CRITCHLEY, Plaintiff Below, Respondent.**

**No. 11–0543.**

Supreme Court of Appeals of West Virginia.

Submitted May 22, 2012.

Decided June 13, 2012.

**53.** 228 W.Va. at 692–693, 724 S.E.2d at 296–297.

J. Nicholas Barth, Esq., J. David Cecil, Esq., Barth & Thompson, Charleston, WV, for Petitioner.

Ralph C. Young, Esq., Hamilton, Burgess, Young & Pollard, PLLC, Fayetteville, WV, for Respondent.

**PER CURIAM:**

The petitioner herein and defendant below, Tudor's Biscuit World of America [hereinafter "Tudor's"], appeals the circuit court's March 1, 2011, order denying its motion pursuant to West Virginia Rule of Civil Procedure 59(e). In its W.V.R.C.P. 59(e) motion, Tudor's moved the circuit court to alter or amend its December 4, 2009, order denying its motion pursuant to West Virginia Rule of Civil Procedure 60(b)(4) to set aside the default judgment rendered against it. Tudor's asserts that the circuit court erred in its application of the "reasonable time" requirement set forth in W.V.R.C.P. 60(b) to its motion to set aside the default judgment, arguing that such timeliness requirement is inapplicable to void judgments. Tudor's further argues that the circuit court improperly applied and weighed the factors set forth in *Parsons v. Consolidated Gas Supply Corporation*, 163 W.Va. 464, 256 S.E.2d 758 (1979), in denying its motion for relief from judgment. For the reasons set forth below, we agree and reverse and remand this case for further proceedings below.

## I. FACTS AND PROCEDURAL HISTORY

On September 2, 2002, respondent herein and plaintiff below, Della Critchley [hereinafter "Critchley"], fell while descending a set of stairs at her place of employment, Tudor's Biscuit World, in Fayette County, West Virginia. Based upon the record before us, it appears undisputed that Critchley was an employee of KOR, Inc., a franchisee of Tudor's Biscuit World of America, which owns and operates the Fayette County restaurant where the alleged injury occurred. Subsequent to her fall, Critchley filed a workers' compensation claim against KOR, Inc.[1] Thereafter, on June 10, 2003, Critchley filed a complaint in the Circuit Court of Raleigh County against Tudor's alleging that she was "employed by the Defendant, Tudor's" and asserting a "deliberate intent" claim against it pursuant to W. Va.Code § 23–4–2(c)(2)

---

1. The record contains a June 4, 2003, order arising out of the workers' compensation claim, ostensibly for purposes of demonstrating Critchley's awareness that her employer was KOR, Inc. and not Tudor's.

(2003).[2] Her actual employer, KOR, Inc., was not named in the lawsuit.

On June 12, 2003, the summons and complaint was served on the West Virginia Secretary of State as attorney-in-fact for Tudor's. The Secretary of State twice attempted delivery of the summons and complaint on Tudor's, but each attempt was returned as "unclaimed." The returns of service reflecting the summons and complaint as "unclaimed" were filed with the Raleigh County Circuit Clerk on July 11, 2003. Notwithstanding, on August 8, 2003, Critchley filed a motion for default; in support of her motion, Critchley submitted the affidavit of her attorney which averred that Tudor's had been "duly served with process." An order granting default was entered the same day. Over one year and one month later, on September 29, 2004, Critchley's counsel allegedly wrote to the president of Tudor's, John Tudor [hereinafter "Mr. Tudor"], at his home address, providing a copy of the default order and inquiring if he had any interest in settling the case. The letter was signed for by Lydia Tudor. The next day, on September 30, 2004, Critchley's counsel allegedly sent the same letter to Mr. Tudor at Tudor's corporate address, which letter was signed for by James Heighton, a corporate accountant [hereinafter "Mr. Heighton"]. According to the circuit court's order, the letter received by Mr. Heighton was returned with an unsigned note dated October 4, 2004, stating "[t]his is *not* an employee of Tudor's Biscuit World of America. Please notify the Nitro WV office. Mr. John Tudor has left voicemail with your office and also the Nitro office. Thank you." [3]

Approximately one year and four months later on February 23, 2006, a hearing on damages was conducted; the record contains no evidence that a notice of the damages hearing was filed, nor any evidence that Tu-

dor's was given notice of the hearing. Tudor's did not appear at the hearing. The circuit court awarded judgment in the amount of $264,776.00. For reasons that are unclear from the record, a judgment order was not entered until almost two years and seven months later on September 2, 2008. For approximately the next year, respondent's counsel initiated activity designed to execute on the judgment, which activity culminated in a "Summons in Aid of Execution" being issued on September 30, 2009, commanding Mr. Tudor to appear and answer inquiries in aid of execution. The summons was personally served on Mr. Tudor on October 2, 2009—a little over three and a half years after the judgment was awarded and just over five years after receipt of the letter from Critchley's counsel advising of the default.

Just under two weeks later on October 16, 2009, making its first appearance in the action, Tudor's filed a "Motion to Set Aside Default Judgment" pursuant to W.V.R.C.P. 60(b)(4). Tudor's argued that Critchley failed to effectuate proper service of process and, as a result, the default judgment was void. The circuit court denied Tudor's motion by order dated December 4, 2009. In its order, the circuit court found, as a matter of law, that service on Tudor's had been ineffective and therefore the judgment was void.[4] However, the court then noted the language of W.V.R.C.P. 60(b) requiring motions pursuant to the Rule to be filed "within a reasonable time," as well as caselaw applying a timeliness requirement to such motions. The circuit court found that "the defendant was charged with the knowledge of the subject *default judgment* on September 30, 2004 [the date the letter from Critchley's counsel to the corporate address was received by James Heighton]. On that date, the defendant corporation knew, *or reasonably should have known*, that the plaintiff

---

2. Critchley's complaint included two additional counts for "intentional infliction of emotional distress" and "outrage" allegedly arising out of the same set of facts supporting her deliberate intent claim. It included no alternative basis for liability aside from the employer-employee relationship alleged therein.

3. Neither the letters nor the note are contained in the parties' appendix, but are referenced in the circuit court's order as being part of its record.

4. Neither party has assigned this conclusion of law as error.

had obtained a *judgment by default* against Tudor's Biscuit World of America, Inc." (second emphasis added). Accordingly, the circuit court found that over five years elapsed between notice of the existence of the "default judgment" and Tudor's motion to set aside the default judgment; as a result, the circuit court found that Tudor's did not file its motion within a reasonable period of time. In addition, the court examined the factors set forth in *Parsons v. Consolidated Gas Supply Corporation*, 163 W.Va. 464, 256 S.E.2d 758 (1979) [hereinafter the "*Parsons* factors"][5] which it found weighed against granting Tudor's motion.

On December 18, 2009, Tudor's filed a motion pursuant to W.V.R.C.P. 59(e) to alter or amend the December 4, 2009 order denying its motion to set aside the default. Thereafter, and throughout the entirety of 2010, it appears as though the court attempted to encourage the parties to settle the case via a failed mediation and a court-ordered Settlement Conference. At the Settlement Conference on September 8, 2010, Tudor's brought to the circuit court's attention the recently issued case of *Beane v. Dailey*, 226 W.Va. 445, 701 S.E.2d 848 (2010)(per curiam), which Tudor's argued obviated the reasonable time requirement in the case of void default judgments, requiring the circuit court to set the default judgment against it aside. The circuit court permitted the parties to brief the timeliness issue again in light of *Beane*, but ultimately denied Tudor's motion to alter the prior order denying relief from the default judgment. The circuit court found that timeliness was not at issue in *Beane* and that the plain language of Rule 60(b) and applicable caselaw required Rule 60(b)(4) motions to be filed within a reasonable time. The court again found that although the default judgment was void, "defendant had actual knowledge of the *default*

*judgment* rendered against it ... [yet] [t]he defendant did not act upon this knowledge until five years later."[6] (emphasis added). This appeal followed.

## II. STANDARD OF REVIEW

■ This Court has held that:

The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998). As such, since the underlying judgment was the denial of a motion to set aside default judgment, the standard of review which would be applicable if that order were directly appealed to this Court is as follows:

" 'A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion.' Syl. Pt. 3, *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970) [*overruled on other grounds by Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479 (2002) ]." Syllabus point 6, *Games–Neely ex rel. West Virginia State Police v. Real Property*, 211 W.Va. 236, 565 S.E.2d 358 (2002).

Syl. Pt. 1, *Hardwood Group v. LaRocco*, 219 W.Va. 56, 631 S.E.2d 614 (2006). With this standard in mind, we turn to the substantive issues raised.

## III. DISCUSSION

■ Tudor's raises six separate, but largely redundant, assignments of error arising out of the circuit court's refusal to set aside

**5.** The *Parsons* factors are to be considered by the circuit court to "test the correctness" of a refusal to grant a Rule 60(b) motion and include: "(1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party." 163 W.Va. at 471, 256 S.E.2d at 762.

**6.** Although the original basis of this motion was limited to correcting a factual error in the order, after further legal argument was briefed as to the applicability of *Beane*, the circuit court ultimately reviewed its entire analysis regarding the timeliness requirement anew.

the default judgment at issue.[7] These assignments can be fairly construed to fall into two distinct categories of alleged error: 1) the circuit court's application of and findings regarding the "reasonable time" requirement contained in W.V.R.C.P. 60(b) to a void default judgment; and 2) the circuit court's application and analysis of the *Parsons* factors. As such, the assignments of error will be consolidated and discussed accordingly. *See Evans v. Holt*, 193 W.Va. 578 n. 2, 457 S.E.2d 515 n. 2 (1995)(consolidating redundant assignments of error); *Robertson v. B.A. Mullican Lumber & Mfg. Co., L.P.*, 208 W.Va. 1, n. 1, 537 S.E.2d 317, n. 1 (2000)(combining five errors into two).

### A.

■ We first address the circuit court's application of the "reasonable time" requirement set forth in W.V.R.C.P. 60(b) to the facts of this particular case. Tudor's argues that the circuit court erred in applying the timeliness requirement to a default judgment which is void for want of personal jurisdiction. In support, Tudor's contends that this Court has previously held that void judgments are "mere nullities" which can be attacked "at any time" and that therefore the timeliness requirement of Rule 60(b) cannot be effectively applied as against default judgments which are determined to be void. *See Beane*, 226 W.Va. 445, 701 S.E.2d 848 (2010). In the alternative, Tudor's contends that even if a timeliness element exists as to motions to set aside void default judgments, its motion was in fact filed within a reasonable time given all the circumstances.[8] Critchley maintains that not only does the

plain language of Rule 60(b) require a timeliness analysis by the circuit court, but that this Court has affirmatively applied and subsequently adopted such requirement in *Evans v. Holt*, 193 W.Va. 578, 457 S.E.2d 515 (1995) and *Leslie Equipment Co. v. Wood Resources, Co., L.L.C.*, 224 W.Va. 530, 687 S.E.2d 109 (2009), respectively.

■ West Virginia Rule of Civil Procedure 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; *(4) the judgment is void;* (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time,* and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

(emphasis added). Moreover, this "reasonable time" requirement has been incorporated into a syllabus point by this Court:

---

7. One of the six assignments—alleging that the circuit court erred by granting default judgment where Tudor's had no notice of the motion for default judgment or the writ of inquiry—was not briefed before this Court or below. As such, it is deemed waived. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981)("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived.").

8. Critchley contends that Tudor's failed to specifically assign as error the circuit court's conclusion that Tudor's motion was not filed within a reasonable time. Rule 10(c)(3) of the Revised Rules of Appellate Procedure states that "[t]he statement of the assignments of error will be

deemed to include every subsidiary question fairly comprised therein." Moreover, this Court has stated its practice to "liberally construe briefs in determining issues presented for review[.]" *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). This court finds that under the particular facts and circumstances of this case, as well as the scope of the multiple assignments of error designated by Tudor's, that the circuit court's findings regarding whether the motion was filed within a reasonable time are properly before this Court. *Accord Cartwright v. McComas*, 223 W.Va. 161, 164, 672 S.E.2d 297, 300 (2008)(invoking *sua sponte*, "in the interest of justice," plain error doctrine to reach rulings "affecting substantial rights").

A movant seeking relief under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure must show that the judgment sought to be vacated is void and that the motion to vacate the judgment was filed within a reasonable period of time.

Syl. Pt. 5, *Leslie Equipment.*[9]

The foregoing authority notwithstanding, Tudor's cites to the long-standing principle that

' "[a] void judgment, being a nullity, may be attacked, collaterally or directly, *at any time* and in any court whenever any claim or right is asserted under such judgment." Syl. pt. 3, *State ex rel. Vance v. Arthur,* 142 W.Va. 737, 98 S.E.2d 418 (1957)." Syl. Pt. 3, *State ex rel. Lemley v. Roberts,* 164 W.Va. 457, 260 S.E.2d 850 (1979), *overruled on other grounds by Stalnaker v. Roberts,* 168 W.Va. 593, 287 S.E.2d 166 (1981).'

Syl. Pt. 5, *State ex rel. Farber v. Mazzone,* 213 W.Va. 661, 584 S.E.2d 517 (2003)(emphasis added). Tudor's argues that the timeliness requirement in Rule 60(b) and this Court's precedent applying it is inconsistent with this principle and therefore this inconsistency must be resolved in favor of rendering the timeliness requirement of Rule 60(b) inapplicable.

As indicated above, Critchley relies on this Court's decision in *Evans v. Holt,* 193 W.Va. 578, 457 S.E.2d 515 (1995), and its adoption of the principles contained therein in Syllabus Point 5 of *Leslie Equipment* to support its contention that this Court has expressly embraced the reasonable time requirement

set forth in Rule 60(b)—even in cases of default judgment which are void for want of personal jurisdiction. In *Evans,* after determining that a default judgment was void for insufficient service of process, the Court stated that "the only other requirement the Appellant had to meet under Rule 60(b) was that the motion for relief had to be filed 'within a reasonable time.' " *Id.* at 587, 457 S.E.2d at 524 (citing Syllabus Point 3 of *Savas, supra* ).

In *Leslie Equipment,* this Court found that constructive service on a non-resident defendant via certified mail was insufficient to create in personam jurisdiction with the lower court. *Id.* at 536, 687 S.E.2d at 115. As such, we found that the constructive service "led to a default judgment that is void and unenforceable" as against the appellants. *Id.* Citing *Evans,* we recognized that under Rule 60(b)(4), once a judgment is determined to be void, a movant has "only one other hurdle to meet in seeking relief[:] . . . . [t]hey are required to establish that they sought to vacate the default judgment within a reasonable time." *Id.* at 536–37, 687 S.E.2d at 115–16. Having found that the appellants filed their motion within ten days of notice of the default judgment, this Court found that such constituted a reasonable time. *Id.* at 537, 687 S.E.2d at 116. Although the reasonable time requirement was not expressly analyzed in conjunction with its applicability to void judgments, a minority of this Court filed a concurring opinion noting their contention that "[t]here should be no time limit to set aside a void judgment. Once void, always void." *Id.* at 543, 687 S.E.2d at 122.[10]

---

9. However, even prior to *Leslie Equipment,* this Court had issued a similar, broader syllabus point encompassing motions to set aside void judgments: "Under Rule 60(b) of the West Virginia Rules of Civil Procedure, motions based on grounds numbered (4) and (5) are required only to be filed within a reasonable time and are not constrained by the eight-month period." Syl. Pt. 3, *Savas v. Savas,* 181 W.Va. 316, 382 S.E.2d 510 (1989); *see also Coolfont Mountainside Assoc. v. Ashelman,* 180 W.Va. 638, 640 n. 3, 378 S.E.2d 847, 849 n. 3 (1989)(reiterating reasonable time requirement); Syl. Pt. 2, *Corathers v. Facemire,* 185 W.Va. 78, 404 S.E.2d 769 (1991)(applying general timeliness requirements to unspecified Rule 60(b) motion).

10. Although not fully analyzed or discussed by the parties in their briefs, this Court is cognizant that Rule 60 has created a similar, widespread tension throughout the United States and Federal circuits regarding this precise issue: whether the timeliness requirement of Rule 60(b) can be enforced as against void judgments which are universally regarded as nullities. We are likewise aware that a majority of the Federal circuits and states have resolved this tension in favor of rendering the timeliness requirement of Rule 60 virtually non-existent and making relief from a void judgment mandatory and non-discretionary. However, because we find that the circuit court clearly abused its discretion in determining that the motion was not filed within a reasonable time under the facts and circumstances of this particular case, as more fully discussed *infra,* we

■ We find that the case *sub judice* turns on a fairly straightforward analysis of the underlying facts in conjunction with the properly applicable Rule of Civil Procedure. At the outset, we note that throughout its orders, the circuit court utilized a common misnomer which potentially led its analysis astray. It appears that *the circuit court failed to appreciate a critical distinction previously highlighted by this Court between a default and default judgment.* Although W.V.R.C.P. 55 is entitled simply "Default," this Court has previously explained that "[a] default relates to the issue of liability and a default judgment occurs after damages have been ascertained." Syl. Pt. 2, *Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479 (2002). As pertains to the issue at hand, W.V.R.C.P. 55(c) governs "[s]etting aside default" and provides: "For good cause shown the court may set aside an entry of default and, if a *judgment by default* has been entered, may likewise set it aside in accordance with Rule 60(b)." (emphasis added).

■ While this Court has noted that " 'the same considerations exist when deciding whether to set aside either an entry of default or a default judgment,' " it is nevertheless apparent that two different Rules are implicated when moving to set aside a default as opposed to a default judgment. *See LaRocco*, 219 W.Va. at 62, 631 S.E.2d at 620 (quoting Cleckley, Davis, & Palmer, *Litigation Handbook* § 55(c), at 143–44 (Cum. Supp.2005)). Rule 55 governs motions to set aside "defaults" and Rule 60(b) governs motions to set aside "default judgments." As such, despite the recognized "similarities in the standard used in deciding whether to set aside a default and a default judgment," there are differences in application including the fact that "the standard is applied more leniently in the case of a default" in the spirit of preserving the "finality of judgments." *Id.* Another notable difference is starkly at issue in the instant case: Rule 55 has no timeliness requirement in setting aside defaults, whereas Rule 60(b) governing default judgments does.

find it unnecessary to resolve these competing principles for purposes of the decision rendered

■ The distinction between defaults and default judgments and the Rules applicable to each underscores the flawed analysis of the circuit court. As noted above, the circuit court repeatedly stated in its order that Tudor's had notice of the "default judgment" on September 30, 2004 and found that it failed to file its motion for relief from the judgment until almost five years later. However, it is clear that as of September, 2004, Critchley had obtained default only. A default judgment did not yet exist inasmuch as neither the damages inquiry nor entry of the default judgment order occurred until February 23, 2006 and September 2, 2008, respectively. The significance of this distinction is that the circuit court applied the timeliness requirement of Rule 60—which governs relief from *judgments*—to a period of time in which a judgment did not even exist. Obviously, the existence of a judgment is the *sine qua non* of a motion for relief from judgment and application of its requirements.

■ We believe that under any reasonable interpretation of Rule 60, the reasonable time requirement must be read to require a party to apply for relief from a judgment within a reasonable time *from entry of the judgment itself.* We find that charging Tudor's with the lapse of time which occurred between its ostensible notice of the mere default and its notice of the default judgment was an abuse of the circuit court's discretion. Tudor's moved for relief from the default judgment in less than two weeks from its notice of the existence of the judgment. Therefore, we find that Tudor's motion to set aside the default judgment was filed within a reasonable period of time.

#### B.

Although arguably unnecessary, given that it had already found the motion to be untimely, the circuit court further proceeded to analyze the *Parsons* factors in determining whether Tudor's was entitled to relief from the default judgment. As its second substantive assignment of error, Tudor's contends

herein and leave such analysis for another day.

that the *Parsons* factors were inapplicable to a W.V.R.C.P. 60(b)(4) motion or, alternatively, that the court incorrectly weighed the factors against it. Similar to its argument regarding the applicability of the timeliness standard to void judgments, Tudor's contends that void judgments, as nullities, must necessarily be set aside and are not subject to discretionary revival under the equitable considerations established in *Parsons*.

 This Court has held that, in assessing a Rule 60(b) motion, the lower court must find that the movant has satisfied one of the six grounds set forth in Rule 60 for relief from judgment and is further entitled to relief pursuant to the *Parsons* factors:

> In addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied.

Syl. Pt. 5, *LaRocco*. Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979) provides:

> In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

The circuit court found that factors one and four—prejudice to Critchley and the intransigence of Tudor's—weighed in Critchley's favor. In particular, the circuit court found that Critchley was prejudiced by Tu-

dor's delay in moving to set aside the judgment. As noted above, Critchley apparently did not dispute below that Tudor's was not her actual employer and therefore her claim was not viable as against Tudor's, based upon the allegations in the complaint. *See supra,* n. 2. The circuit court found that because the statute of limitations had run on Critchley's case at the time the motion for relief from judgment was filed, she was precluded from suing the proper entity and was therefore prejudiced by the delay. The circuit court further found an "extreme" degree of intransigence given Tudor's refusal to take action upon receipt of notice of the default, acting only upon issuance of the summons in aid of execution. The circuit court found that factors two and three—meritorious defenses and the significance of interests at stake— weighed in Tudor's favor. In particular, the court found that the lack of proper service and the fact that the suit was filed against the wrong party (which the court noted "could well be dispositive of the case") constituted meritorious defenses. The court further found that the amount of the judgment at issue, along with statutory interest, was "highly significant to both parties." Having apparently found the factors evenly split, the circuit court gave enhanced weight to the intransigence factor and concluded that the *Parsons* factors did not support Tudor's challenge to the default judgment.[11]

As stated in our analysis regarding the applicability of the timeliness requirement to motions to set aside void judgments, we do not find occasion herein to resolve any perceived inconsistency regarding whether equitable factors, such as the *Parsons* factors, may serve to resurrect a void judgment. It is clear that irrespective of their applicability, the circuit court abused its discretion in its analysis of the egregious facts and circumstances of this case.

11. The circuit court also noted that it was also required to find one of the six grounds under Rule 60(b) to have been met, but curiously found that "defendant does not cite a 60(b) ground that would be pertinent to the facts of this case" and that the typical grounds of "excusable neglect or unavoidable cause" appeared inapplicable because of the constructive notice in September,

2004 of the default. Obviously, however, having previously found in the same order that the judgment was void, subsection (b)(4) is expressly applicable. Regardless, it does not appear that this erroneous determination formed the basis of the circuit court's ruling regarding the weight of the *Parsons* factors.

At the outset, we are compelled to reiterate this Court's long-standing holding that "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syl. Pt. 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972). Moreover, as we stated in *Parsons*, "we have established as a basic policy that cases should be decided on their merits, and consequently default judgments are not favored and a liberal construction should be accorded a Rule 60(b) motion to vacate a default order." *Parsons*, 163 W.Va. at 471, 256 S.E.2d at 762. With these guiding principles in mind, this Court will now analyze the circuit court's application and weighing of the *Parsons* factors.

First, while this Court finds that the circuit court properly identified the existence of meritorious defenses, we find that the court gave insufficient weight to the defenses in light of the circumstances. As noted above, it is clear that notwithstanding the fact that Critchley had filed a workers' compensation claim against her actual employer—KOR, Inc.—she falsely alleged that Tudor's was her employer for purposes of her deliberate intent lawsuit. This is apparently a patently false allegation in absence of which Critchley has no claim against Tudor's whatsoever, under the allegations as framed in her complaint.[12]

Secondly, the circuit court properly noted that service of process in this matter was insufficient, creating a complete want of personal jurisdiction over Tudor's. It is a fundamental tenet of our jurisprudence that

"[t]o enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction." Syl. Pt. 3, *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1960).

Syl. Pt. 1, *Leslie Equipment Co., supra*. To make a corporation "amenable to the jurisdiction of our State's courts," service of process must be made in accordance with W.V.R.C.P. 4(d) and with "exacting" compliance with any statute so governing. *McClay v. Mid–Atlantic Country Magazine*, 190 W.Va. 42, 47-8, 435 S.E.2d 180, 185-6 (1993). As such, "a determination that the trial court lacked *in personam* jurisdiction will render the default judgment at issue void and unenforceable." *Leslie Equipment*, 224 W.Va. at 533, 687 S.E.2d at 112. Given the nature of these two meritorious defenses—one of which renders any ostensible judgment void—we find the circuit court's failure to heavily weight this factor erroneous.

As to the *Parsons* factors weighing in Critchley's favor, this Court finds that the circuit court's analysis is likewise flawed. As noted above, the circuit court found that because Critchley sued the wrong party, Tudor's delay in filing its motion until well after the statute of limitations had run foreclosed her ability to sue the appropriate party. To the contrary, we find that Critchley's failure to sue the proper party is attributable to no one but Critchley herself. To assess Critchley's complete failure of diligence and/or candor in that regard against Tudor's in any measure is wholly inequitable.

---

12. In this regard, the circuit court included a footnote in its order which attempted to cast a mitigating light on Critchley's failure to properly name her employer. The court, citing an Oregon case, found that Critchley was "not unreasonable" in bringing her suit as against the franchisor and that "this issue would not impair this case from moving forward." Citing *Miller v. McDonald's Corp.*, 150 Or.App. 274, 945 P.2d 1107 (1997), the circuit court noted that where the "relationship between the franchisor and the franchisee is such that the plaintiff places reliance on the public perception of the franchisor's name and operation," the franchisor may be a proper defendant. We believe it is fairly clear from the facts of *Miller*—which involved a restaurant *patron*—and general contract principles of apparent agency that such holding is applicable to the general public, i.e. a stranger to the franchisor/franchisee relationship, who may be injured as a result of the ostensible negligence of the franchisor, under whose name the franchisee does business. Obviously, Critchley was not a part of the general public and, having hired and presumably paid her on a regular basis, we cannot imagine a circumstance wherein Critchley was unaware who her actual employer was. In fact, given the filing of the workers' compensation claim, all evidence is to the contrary.

Moreover, with respect to the delay, this Court finds the circuit court overlooked two significant facts which shift the responsibility for any prejudice squarely onto Critchley. First, despite having made representations to the court in a sworn affidavit to the contrary, Critchley's counsel did not obtain proper service of process—a fact which a simple review of the court file and familiarity with our well-established caselaw would have revealed.[13] As such, the entire basis for the default was defective, at a minimum, and, at worst, had been misrepresented. Secondly, the delay which occasioned the running of the statute of limitations was entirely within the control of Critchley. The circuit court clearly overlooked the fact that the statute of limitations had already run on Critchley's case *before* her counsel provided notice of the default to Tudor's on September 30, 2004. Critchley fell on September 2, 2002; the statute of limitations applicable to Critchley's action is two years.[14] As such, the statute of limitations ran on September 2, 2004—nearly one month before Tudor's had any awareness whatsoever of the existence of the lawsuit or default.

Finally, with respect to the circuit court's finding that Tudor's intransigence was "extreme," we again disagree with the circuit court. While we appreciate the circuit court's frustration with Tudor's failure to take action upon receipt of the default, we are hard-pressed to ignore the countervailing fact that Critchley failed to file or serve a notice of the hearing on damages despite receipt of the handwritten note from Tudor's corporate accountant, Mr. Heighton, and in light of Critchley's counsel executing a false affidavit that Tudor's had been duly served with process. Critchley points to this note in support of her contention that Tudor's had

constructive notice, but proffered no evidence indicating what action, if any, she took in response. Regardless, we believe this note was sufficient to trigger the requirements of W.V.R.C.P. 55(b)(2): "If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." In that regard, this Court has held

> For purposes of the requirement for notice to a defaulting party prior to a hearing on the default [judgment], pursuant to Rule 55(b)(2) of the West Virginia Rules of Civil Procedure, an "appearance" by an otherwise defaulting party may consist of any communication to an opposing party that demonstrates either an interest in the pending litigation, or actual notice of the litigation. The communication may be made in written or oral form.

Syl. Pt. 5, *Cales*.

While this Court does not specifically address this issue as assigned error,[15] we are not constrained in our analysis of this factor for purposes of reviewing the circuit court's use of its discretion in balancing the equities of this matter. This failure, along with the affidavit averring proper service of process where none existed, we believe mitigates the perceived intransigence of Tudor's in responding to the default by suggesting a commensurate balance of gamesmanship on the part of Critchley in seeking to capitalize on her defective default judgment.[16]

Accordingly, this Court finds that the circuit court abused its discretion in its analysis of the *Parsons* factors to the extent that such analysis resulted in its denial of

---

13. "Under *W. Va.Code* 31D–5–504(c) [2002], service of process or notice upon a domestic corporation through the Secretary of State is insufficient when a registered or certified mailing of the process or notice is neither accepted nor refused by an agent or employee of the corporation." Syl. Pt. 2, *Burkes v. Fas–Chek Food Mart, Inc.,* 217 W.Va. 291, 617 S.E.2d 838 (2005).

14. *See* W. Va.Code § 55–2–12 (Repl.Vol.2008).

15. *See supra* n. 7.

16. We note, however, that Tudor's failure to take action within the confines of this civil action upon notice of the default is not necessarily an "intransigent" failure. The United States Supreme Court has held that "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

Tudor's W.V.R.C.P. 60(b)(4) motion for relief from default judgment and therefore, to that extent, erred in denying Tudor's subsequent motion to alter or amend pursuant to W.V.R.C.P. 59(e).

## IV. CONCLUSION

For the reasons set forth above, this Court reverses the circuit court's order of March 1, 2011, denying Tudor's motion to alter or amend its December 4, 2009 order denying relief from the default judgment rendered against it, and finds that the circuit court should have properly set aside the default judgment. Accordingly, this case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.