## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**COLLETTE PINKARD,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-456**    (Cir. Ct. Kanawha Cnty. Case No. 22-C-1078)

**CHAD MCINTYRE,**
**Defendant Below, Respondent**


### MEMORANDUM DECISION

Petitioner Collette Pinkard appeals the September 18, 2023, order of the Circuit Court of Kanawha County, finding for the landlord Respondent Chad McIntyre following a bench trial. Mr. McIntyre filed a response.[1] No reply was filed. The issue on appeal is whether the circuit court erred in conducting this bench trial.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we note that the record on appeal is sparse, which limits this Court's recitation of the facts. Ms. Pinkard's Complaint alleges she was a tenant in a residential rental property owned by Mr. McIntyre. Ms. Pinkard alleges she notified the City of Charleston of concerns related to the habitability of the property, and the City issued a notice of code violations. She then alleges that Mr. McIntyre asked her to vacate the property by April 30, 2022, and she moved out of the residence on April 27, 2022.

On December 22, 2022, Ms. Pinkard filed a complaint in Kanawha County Circuit Court against Mr. McIntyre alleging violations of West Virginia Code § 37-6A-2 (2011) because Mr. McIntyre withheld Ms. Pinkard's security deposit after she moved out.[2]

---

[1] Ms. Pinkard and Mr. McIntyre are both self-represented.

[2] At some point, Ms. Pinkard also filed Case No. 22-C-729, which appears to be a related action that was dismissed on September 19, 2022, and she has included documents

1

The circuit court conducted a bench trial in this case on June 7, 2023. Finally, on September 18, 2023, the circuit court entered its Final Order finding that Mr. McIntyre showed good cause for his noncompliance with West Virginia Code § 37-6A-5 and that the damages to the property caused by Ms. Pinkard exceeded her security deposit of $1,000. Based on these findings, the circuit court found that Ms. Pinkard failed to prove she was entitled to the return of her security deposit and that she was not entitled to other damages. It is from this order that Ms. Pinkard now appeals.

We apply the standard for reviewing an order entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, Ms. Pinkard raises four assignments of error.[3] Three assignments of error are closely related, which we will consolidate in our review.[4] As to her first three assignments of error, Ms. Pinkard asserts the circuit court erred in finding (1) Mr. McIntyre asked her to vacate the property, (2) Mr. McIntyre informed her he was not returning her security deposit, (3) that Ms. Pinkard damaged the property, (4) that Ms. Pinkard's testimony at trial was not credible, (5) that Mr. McIntyre worked to provide her with an itemized accounting of damages, and (6) that his failure to provide this accounting in a timely manner was not willful or in bad faith. We disagree.

related to that case in her appendix record. Ms. Pinkard also references this action in the arguments made on appeal.

[3] In this case, we note that our review is hampered by Ms. Pinkard's failure to file an appendix that complies with the requirements set forth in Rule 7 of the West Virginia Rules of Appellate Procedure. Ms. Pinkard also failed to provide the Court with a transcript of the June 7, 2023, bench trial, exhibits from the trial, or any other case related documents, other than her initial complaint and some miscellaneous documents. Nevertheless, we will consider and rule on the appeal with the limited information provided.

[4] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

2

Ms. Pinkard's first three assignments of error request this court to find the circuit court findings of fact to be clearly wrong, and to find the circuit court erred in its credibility determination. Regarding the circuit court's findings of fact, nothing in the record provided on appeal shows the circuit court committed clear error. Regarding Ms. Pinkard's assertion that the circuit court erred in its credibility determination, the Supreme Court of Appeals of West Virginia has recognized that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.,* 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Therefore, we will not disturb the circuit court's credibility determination on appeal.

Ms. Pinkard's remaining assignment of error contends the circuit court erred in its determination that she has failed to prove she is entitled to the relief sought below. As discussed above, we review the ultimate disposition pursuant to an abuse of discretion standard. West Virginia Code § 37-6A-2 requires any security deposit held by the landlord, minus any deductions for damages or other charges, to be delivered to the tenant, along with an itemization of any such damages or other charges. Following the bench trial, the circuit court concluded that Mr. McIntyre diligently worked on calculating the exact itemization amounts of damages, that the failure to timely provide the itemization was not willful or in bad faith, and that the total damages exceeded the security deposit. Ms. Pinkard, on appeal, has provided no evidence that these findings of fact are clearly wrong. Therefore, we cannot find that the circuit court abused its discretion in determining she failed to prove she is entitled to relief.

Accordingly, we affirm.

Affirmed.


**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

3