IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SIRAAJ M.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-466**    (Fam. Ct. Jefferson Cnty. Case No. FC-19-2011-D-509)

**STEPHANIE M.,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Siraaj M.[1] ("Father") appeals the Family Court of Jefferson County's October 17, 2024, final modification order holding that the parties would continue to share 50-50 parenting time. Respondent Stephanie M. ("Mother") responded in support of the family court's decision.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Our Court has previously issued three memorandum decisions in this custody matter.[3] Thus, because those decisions contain detailed factual recitations, we will only briefly discuss the background facts of the case in this decision.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] *See Siraaj M. v. Stephanie M.*, No. 22-ICA-288, 2023 WL 3172034 (W. Va. Ct. App. May 1, 2023) (memorandum decision); *Siraaj M. v. Stephanie M.*, No. 23-ICA-511, 2024 WL 3252324 (W. Va. Ct. App. July 1, 2024) (memorandum decision); and *Siraaj M. v. Stephanie M.,* No. 24-ICA-168, 2024 WL 5003520 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision).

The parties share two minor children, born in 2007 and 2010, respectively. Events leading to this appeal began in May of 2012, when a final custody order was entered designating Mother as the primary residential parent with shared decision-making and granting Father parenting time on Sunday through Wednesday, as well as on the second Saturday of each month.

Over the years, the parties filed multiple petitions for contempt, custody modification, and child support modification in family court. From August 2022 to January 2024, Father successfully completed a residential recovery program for alcoholism.

Most recently, Mother filed a petition for contempt against Father for not taking the older child to therapy, failing to pay child support, and harassing her. In turn, Father filed a petition for custody modification for the younger child. A hearing was held on both petitions on April 9, 2024. At the hearing, Father requested that Mother be ordered to submit to drug testing. A final order was entered on May 1, 2024, that denied Father's petition for modification but slightly modified the parenting schedule for the younger child. Father was held in contempt for harassment of Mother and for not taking the older child to therapy. Also, Father's request for Mother to submit to drug testing was denied, as the family court stated that neither party provided any proof that the other party was using drugs. Thereafter, a GAL was appointed for the children.

The GAL filed his report on June 14, 2024. In his report, he noted that the older child would not pass the 10th grade without summer school and that the younger child's behavioral problems had escalated. He further noted that Father has allegedly been violent with the children, once grabbing the younger child by the neck and the older child by the face during an argument. The older child informed the GAL that he desired to spend Saturdays with Mother to maintain employment and spend time with his friends. The younger child expressed that she liked the current 50-50 schedule but would like to spend more time with her older sister who resided with Father. As such, the GAL recommended that the 50-50 schedule stay in place and that the older child's desire to stay with Mother on Saturdays be given consideration by the family court. The final hearing was held on June 25, 2024. Orders were entered on July 1, 2024, and October 17, 2024, adopting the GAL's recommendations. It is from the October 17, 2024, order that Father now appeals.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises five assignments of error. Because several of his assignments of error are similar, we will consolidate them for our discussion below. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

In his first, second, third, and fourth assignments of error, Father asserts his dissatisfaction with the proceedings below. Specifically, he argues that the family court erred and abused its discretion by ignoring facts, evidence, and pleadings against Mother, had no regard for procedure or discovery, denied him a meaningful opportunity to be heard, and generally did not consider the children's best interest. We disagree.

Approximately twenty pages of the hearing's sixty-four-page transcript demonstrates that the family court heard all of Father's arguments and concerns. Further, the transcript also indicates that the family court advised both parties that they were "crossing each other's line," regarding their behavior in trying to work out custodial issues. From our review, the family court showed no bias and gave Father ample time to present his case. *See* W. Va. Code § 51-2A-7(a) (2013) (family courts have the authority to "manage the business before them" and "exercise reasonable control over discovery").

Regarding Father's assertion that the family court did not consider the children's best interest, we disagree. In a previous appeal, the family court had interviewed both children to determine their parenting time preferences. In the case at bar, the family court appointed a GAL, who after completing a thorough investigation, interviewed both children about their parenting preferences. Both children expressed their desires to maintain the near 50-50 parenting plan. The GAL recommended that the family court adopt the children's preference for equal custodial allocation and agreed that it was in their best interest. The family court then adopted the GAL's recommendations, in accordance with the children's wishes. West Virginia Code § 48-9-402(b)(3)-(4) (2022) states, in part:

> The court may modify any provisions of the parenting plan without the showing of changed circumstances . . . if the modification is in the child's best interests, and the modification:
> . . .
> (3) Is necessary to accommodate the reasonable and firm preferences of a child who, has attained the age of 14; or
> (4) Is necessary to accommodate the reasonable and firm preferences of a child who is under the age of 14 and, in the discretion of the court, is

3

sufficiently matured that he or she can intelligently express a voluntary preference;

Here, the family court adopted the GAL's recommendations based on the best interest of the children and their preference. Upon review, we find no abuse of discretion in the court's decision to issue the parenting plan in accordance with the children's firm and reasonable preferences.

In his fifth assignment of error, Father argues that the family court used various orders to intimidate him. Because those orders are not on appeal in this matter, we decline to address this assignment of error.

Father's brief consists primarily of his disagreement with the proceedings below, combined with unsubstantiated allegations against Mother and the family court. He raises multiple points of contention about events that took place and orders that were entered years ago and which are irrelevant to this matter. Therefore, we find no basis in law to warrant Father's requested relief, and we affirm the family court's order.

Accordingly, we affirm the family court's October 17, 2024, order.

Affirmed.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White