# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**REGINA MCLAUGHLIN,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-509**    (Fam. Ct. Marion Cnty. Case No. FC-24-2012-D-79)

**JOSEPH M. COLE,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Regina McLaughlin ("Mother") appeals the Family Court of Marion County's November 27, 2024, Order denying her petition for contempt regarding unpaid medical bills for one of the parties' children. Respondent Joseph Cole ("Father") responded in support of the family court's order.[1] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In a prior appeal, we provided a detailed recitation of the facts surrounding the parties' underlying child support action. *See McLaughlin v. Cole*, 24-ICA-343, 2025 WL 899405 (W. Va. Ct. App. March 24, 2025) (memorandum decision) (affirming the family court's order finding Mother in contempt for failing to pay child support). Thus, we will only briefly discuss the background facts of the case in this decision.

Mother and Father were divorced in 2013, and they share three children, all of whom have now reached the age of majority. However, on February 7, 2022, prior to the children reaching the age of majority, the family court entered an order with the following directive addressing how the parties would split the children's medical care costs:

> Regina M. McLaughlin should pay 23% and Joseph M. Cole should pay 77% of all medical, hospitalization, dental, orthodontic, optical, and pharmaceutical expenses incurred by or on behalf of the child(ren) and not covered by insurance, including the deductible, if any, after Regina M.

---

[1] Mother is self-represented. Father is represented by Samantha L. Koreski, Esq.

1

McLaughlin has paid the first [t]wo [h]undred [f]ifty and 00/100 ($250.00) (per child) annually.

On August 23, 2024, Mother's husband, Chris McLaughlin, filed a motion to intervene, wherein he requested to be included as a party of interest in the proceedings and that he be permitted to testify on Mother's behalf. On August 26, 2024, the family court entered an order denying the motion to intervene.

On August 30, 2024, Mother filed a petition for contempt against Father, alleging that he failed to pay his share of their daughter's medical bills, which totaled $15,844.48. An order to show cause was entered on October 2, 2024. On October 15, 2024, Father filed an answer to the petition for contempt, denying all allegations.

On or about October 10, 2024, the family court received a phone call from the Administrative Office ("AO") of the Supreme Court of Appeals of West Virginia ("SCAWV") stating that Mother had informed them that the family court did not accommodate her Americans with Disabilities Act ("ADA") accommodation request. The family court informed the SCAWV that Mother had not requested accommodations but that her husband had filed a motion to intervene. A week later, the family court received another call from the SCAWV directing the family court to conduct the hearing through Microsoft Teams to accommodate Mother. The family court informed the caller from the SCAWV that Mother would need to file a request for a virtual hearing to allow Father the opportunity to respond.

On or about October 22, 2024, two days before the contempt hearing, Mother filed a letter requesting medical accommodations for the upcoming hearing. The letter stated that "aggressive, rapid-fire, or antagonistic questioning, as well as demands for answers to questions lacking clear context" could trigger a seizure. Mother requested a Microsoft Teams hearing and asked that either her husband be allowed to assist during the hearing or that the court pay for a medical advocate to assist during the hearing. Father responded with objections.

The family court advised the parties that the hearing would be conducted through Microsoft Teams but stated that it would favorably consider a request for continuance from Father to allow logistical preparation for the hearing. The family court also held that Mother's husband was not permitted to be present for the virtual hearing.

The virtual hearing was conducted on October 24, 2024. At that hearing, Mother asserted that she mailed Father copies of the subject medical bills. Father denied that he ever received them. By order entered on November 27, 2024, the family court denied Mother's petition for contempt, finding that there was no measurable way to determine whether Father had specific knowledge of the medical bills, and that Mother did not meet her burden of proof. It is from the November 27, 2024, order that Mother now appeals.

2

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises eleven assignments of error, several of which will be consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

In her first, second, third, fourth, fifth, seventh, and tenth assignments of error, Mother asserts that the family court erred or abused its discretion when it failed to hold Father in contempt. Specifically, Mother argues that the family court failed to address Father's deliberate delays, contradictory statements, misrepresentations, evasion of accountability, and procedural misconduct. We disagree. The SCAWV has long held that "[t]o find a person guilty of . . . contempt, it is necessary to find that he violated the order of court intentionally, knowingly and purposefully, without justifiable excuse." *Carpenter v. Carpenter*, 227 W. Va. 214, 218, 707 S.E.2d 41, 45 (2011) (citation omitted). Here, Father testified that he never received the medical bills from Mother, and she presented no evidence showing otherwise. The family court correctly held that there was "no measurable way to determine the truth" and Mother failed to prove that Father "had any specific knowledge of [the child's] medical bills prior to the filing of [the] [p]etition for [c]ontempt." Additionally, regarding Mother's allegation that the family court failed to address Father's delays, contradictory statements, and misrepresentations, we find no error by the family court. Mother's brief primarily consists of her overall displeasure with the proceedings below, but fails to show how the family court's ruling was erroneous or an abuse of its discretion. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Therefore, we find no error or abuse of discretion by the family court's decisions on these issues.

In her sixth assignment of error, Mother contends that the family court failed to comply with procedural requirements by issuing a final order that lacked the requirements in Rule 22(c) of the Rules of Practice and Procedure for Family Court, causing undue delays. Specifically, Mother argues that the family court erred when it delayed issuing its

final order until sixty-five days[2] after the hearing and that the delay prevented her from pursuing an appeal. We disagree. Rule 22(c) states as follows:

> A family court final order shall contain language explicitly informing the parties (1) that it is a final order; (2) that any party aggrieved by the final order may take an appeal either to the intermediate court of appeals or directly to the supreme court of appeals under West Virginia Code § 51-2A-15; (3) that an appeal to the intermediate court of appeals may be filed by either party within thirty days after entry of the final order; and (4) that in order to appeal directly to the supreme court, both parties must file, either jointly or separately within fourteen days after entry of the final order, a joint notice of intent to appeal and waiver of right to appeal to the intermediate court of appeals.

Here, the family court included all the language required pursuant to Rule 22(c) in the final order. Moreover, Mother's argument contains a material inaccuracy. The family court held the hearing on October 24, 2024, and the final order was entered on November 27, 2024, which is thirty-four days, not sixty-five. Importantly, Mother did not present any evidence that she was prejudiced by the family court's slight delay in entering the final order or explain how the delay prevented her from pursing this appeal. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Therefore, we find that there was no error or abuse of discretion, and affirm the family court on this issue.

Regarding her eighth and eleventh assignments of error, Mother argues that the family court erroneously applied inconsistent evidentiary standards by improperly shifting the burden of proof to mother. We disagree. "[T]he general rule is that the burden of proof rests with the complaining party to demonstrate . . . that the defendant is in noncompliance with a court order." *Carpenter v. Carpenter*, 227 W. Va. 214, 219, 707 S.E.2d 41, 46 (2011) (per curiam). Further, the moving party must also demonstrate that his or her rights have been prejudiced by the contemnor's noncompliance. *Id.* After it has been shown that a violation has occurred and prejudice has been suffered from the violation, the burden shifts to the nonmoving party to establish any defenses. *Id.* Here, the burden of proof was on Mother to show that Father was aware of the medical bills and failed to pay his portion of them. Father testified that he never received the bills, and as stated above, Mother was unable to prove that he received them. As such, we find no basis in law to warrant relief.

---

[2] Mother incorrectly cited Rule 52(a) of the West Virginia Rules of Civil Procedure in support of her contention that the order was entered untimely. The applicable rule in this case is Rule 22(a) of the West Virginia Rules of Practice and Procedure for Family Court, which states that all orders shall be entered by the court within twenty days of the hearing.

In her ninth assignment of error, Mother argues that the family court showed bias against her by denying her reasonable ADA accommodations, despite clear documentation of her medical conditions and need for such accommodations. We disagree. Mother requested a virtual hearing, asked that she not be subjected to cross-examination, and asked that her current husband be permitted to participate in the hearing. To accommodate Mother's requests, she was granted a virtual hearing rather than an in-person hearing. Although the family court determined that it would be unreasonable to restrict cross-examination and allow Mother's husband to participate, the court advised Mother that she could take breaks during the hearing if necessary. Mother's mere disagreement with the court's weighing of evidence does not entitle her to relief on appeal. *See generally Xerxes R. v. Richard P.*, No. 24-ICA-76, 2024 WL 5003524 (W. Va. Ct. App. December 6, 2024) (memorandum decision).

Accordingly, we affirm the family court's November 27, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White