IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBERT A. BLAIR, in his
official capacity as Sheriff of
Berkeley County, Administrator
of the Estate of Robert Bartles, Sr.,
Appellant Below, Petitioner**

**FILED**
**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-190**        **(Bd. of Rev. Case No. 25-BOR-1598)**

**WEST VIRGINIA DEPARTMENT
OF HUMAN SERVICES, BUREAU
FOR FAMILY ASSISTANCE,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert A. Blair, in his official capacity as Sheriff of Berkeley County, Administrator of the Estate of Robert Bartles, Sr., ("Estate") appeals the April 9, 2025, order from the West Virginia Office of Inspector General Board of Review ("Board"), which dismissed Mr. Bartles' request for a fair hearing after the Respondent West Virginia Department of Human Services, Bureau for Family Assistance's ("Department") delay in processing his Medicaid application. The Department filed a response, and the Estate filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Bartles resided in a skilled nursing facility located in Martinsburg, West Virginia, and passed away on December 30, 2024. Prior to his death, Mr. Bartles appointed the nursing facility as his designated Medicaid representative. On October 17, 2024, the Department received an application for Medicaid benefits and financial assistance for Medicare premiums submitted by the nursing facility on behalf of Mr. Bartles. The Department processed this application on December 10, 2024, and it is undisputed that this

---

[1] The Estate is represented by Gregory R. Tingler, Esq. The Department is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Carl E. Hostler, Esq.

application was not processed timely. By decision letter dated December 30, 2024, the Department denied Mr. Bartles' application because his assets exceeded Medicaid eligibility guidelines. The Department's letter provided a Statement of Calculation which stated the maximum asset limit was $2,000 and that Mr. Bartles had $7,029.08 in countable assets. Also, Mr. Bartles' countable net income was $1,785.42, which exceeded the medical need income limit of $943. As a result, the Department determined Mr. Bartles was not eligible for both Medicaid benefits and Medicare premium assistance.

On March 6, 2025, the nursing facility protested the Department's decision and requested a fair hearing before the Board. The reason for protest was described as the Department's failure to timely process Mr. Bartles' Medicaid application. On April 9, 2025, a state hearing officer held a telephonic hearing where Meagan Smith, acting as Mr. Bartles' representative, appeared and testified. Ms. Smith argued that Mr. Bartles' application was not timely processed and requested that Mr. Bartles receive Medicaid coverage from October to December 2024 based solely on the Department's delay in processing his application. On that same date, the Board entered a written decision finding it did not have authority to grant eligibility based solely on the Department's delay in processing Mr. Bartles' Medicaid application. The Board acknowledged the Department's delay but found that the relief requested was not contemplated by Department policy. It is from this Order that the Estate now appeals.

Our standard of review is as follows:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *see also* Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996) ("[T]his Court is bound by the statutory standards contained in W. Va. Code § 29A–5–4(a) and reviews questions of law presented de novo; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.").

On appeal, the Estate asserts two assignments of error. We will consolidate the consideration of these assignments of error for clarity. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). In support of this appeal, the Estate argues the Board erred in dismissing its appeal because West Virginia Code § 16B-2-2(a) (2024) states that the Board "shall provide a fair, impartial, and expeditious grievance and appeal process to applicants or recipients of assistance . . . ." It appears that the Estate is arguing that the April 9, 2025, hearing was not a full and fair hearing because the Board did not allow the presentation of arguments, witnesses, or exhibits. The Estate further argues that both the Board's actions during the hearing and its dismissal violated Mr. Bartles' statutory and constitutional rights and that these alleged violations warrant the automatic approval of Mr. Bartles' Medicaid application. We disagree.

The West Virginia Income Maintenance Manual ("IMM") Chapter 1.6.6 states that "[w]hen the application is not processed within agency time limits, the application must be processed immediately upon discovery of the delay and coverage must be backdated for any prior eligibility period." Further, IMM Chapter 10.6.6.A states as follows:

> A client is eligible to receive direct reimbursement for out-of-pocket medical expenses that would otherwise have been paid by Medicaid in these situations:
>
> • The client's coverage is interrupted due to agency delay or error unless the delay is due to factors beyond the control of the DOHS
>
> • An application is denied in error
>
> • A nursing home contribution is overpaid due to Worker error or failure to act promptly

In this case, the Estate fails to acknowledge that the Board held a hearing on April 9, 2025, where Mr. Bartles' representative, Meagan Smith, appeared and presented arguments. As the Board stated in its order, the Department received a request for a fair hearing from Mr. Bartles' representative on March 6, 2025, and a hearing was scheduled for April 9, 2025. Further, the Board even held a pre-hearing conference with the parties prior to the April 9, 2025, hearing. It is unclear from the record how the Estate argues this procedure fails to comply with West Virginia Code § 16B-2-2(a), and, as a result, this argument fails.

Similarly, it is undisputed that Mr. Bartles was not entitled to Medicaid benefits, and the Estate does not challenge the Department's determination that he was ineligible for benefits because his assets exceeded state and federal guidelines. The Estate fails to acknowledge these facts, which served as the overarching basis for the Board's dismissal.

The Board's order held that IMM Chapter 1.6.6 provides that an untimely processed Medicaid application must be processed immediately upon discovery of the delay and benefits must be provided retroactively to the date that eligibility would have been established had the Department acted timely. The Board further noted that IMM Chapter 10.6.6.A recognizes policy exceptions where a client may be eligible for direct reimbursement for out-of-pocket medical expenses that would otherwise be paid by Medicaid. However, the Board found that neither provision applied to Mr. Bartles because he was not entitled to Medicaid benefits and was not eligible for any of the exceptions outlined in Chapter 10.6.6.A. Moreover, the Board held that Department policy prohibited an award of eligibility based solely on the Department's delay in processing Mr. Bartles' application. The Estate has failed to show that the Board erred in dismissing his protest on this basis and has offered no authority to circumvent this determination. Accordingly, we find no error in the Board's order, find its decision was supported by evidence, and give deference to its factual findings.

Accordingly, we affirm the Board's April 9, 2025, order.

Affirmed.

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White