IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TEENA W.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-342**    (Fam. Ct. Berkeley Cnty. Case No. FC-02-2024-D-184)

**TRISTAN E.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Teena W. ("Grandmother"),[1] appeals the Family Court of Berkeley County's August 20, 2024, final order denying her petition for grandparent visitation. Respondent Tristan E. ("Father") did not participate in the appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the party's arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.[3] For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Grandmother is the maternal grandmother of K.E., born in 2023. The child's mother, Holly B., is deceased. On June 24, 2024, Grandmother filed a petition for grandparent visitation. A hearing was held on August 5, 2024. The final order was entered on August 20, 2024. In that order, the family court analyzed the applicable grandparent visitation

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Grandmother is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

factors codified in West Virginia Code § 48-10-502 (2001)[4] and made the following findings of fact:

1. The child was twenty-two months old at the time of the hearing.
2. There was no established relationship between Grandmother and the child.
3. There was no relationship between the parties.
4. There was little to no contact between Grandmother and the child.
5. Father expressed that any contact between Grandmother and the child would interfere with his parent/child relationship.
6. Father has no time available for visitation.

---

[4] West Virginia Code § 48-10-502 provides a list of thirteen factors that family courts must consider when making grandparent visitation determinations. It states as follows:

(1) The age of the child;
(2) The relationship between the child and the grandparent;
(3) The relationship between each of the child's parents or the person with whom the child is residing and the grandparent;
(4) The time which has elapsed since the child last had contact with the grandparent;
(5) The effect that such visitation will have on the relationship between the child and the child's parents or the person with whom the child is residing;
(6) If the parents are divorced or separated, the custody and visitation arrangement which exists between the parents with regard to the child;
(7) The time available to the child and his or her parents, giving consideration to such matters as each parent's employment schedule, the child's schedule for home, school and community activities, and the child's and parents' holiday and vacation schedule;
(8) The good faith of the grandparent in filing the motion or petition;
(9) Any history of physical, emotional or sexual abuse or neglect being performed, procured, assisted or condoned by the grandparent;
(10) Whether the child has, in the past, resided with the grandparent for a significant period or periods of time, with or without the child's parent or parents;
(11) Whether the grandparent has, in the past, been a significant caretaker for the child, regardless of whether the child resided inside or outside of the grandparent's residence;
(12) The preference of the parents with regard to the requested visitation; and
(13) Any other factor relevant to the best interests of the child.

2

7. Grandmother filed her petition for visitation in good faith.
8. There was no history of abuse of the child by Grandmother.
9. The child never resided with Grandmother.
10. Grandmother was never a caretaker for the child and their communication was limited to a handful of electronic communications.
11. Father objected to any grandparent visitation as he and the child attempt to heal from the loss of the mother.
12. It was in the child's best interest to have no grandparent visitation as she recovers from the loss of her mother.

It is from the August 20, 2024, order that Teena W. appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Grandmother raises six assignments of error. However, because several are closely related, they will be combined. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

As her first, second, third, and fourth assignments of error, Grandmother asserts that the family court showed bias and partiality. In support of her argument, she contends that: (1) the family court judge told her she was going to lose her case because preference is given to parents over grandparents; (2) one hearing was continued after she drove a long distance to participate; (3) her request for the appointment of a guardian ad litem ("GAL") was not granted; and (4) the family court judge asked Father questions and answered for him. Upon our review of the video from the hearing, we disagree.

The record reflects that the family court informed both parties that, even though it is almost always good for children to have a relationship with a maternal grandmother when the mother is deceased, the law prioritizes parents' wishes over those of grandparents. With regards to a hearing being continued after Grandmother drove a long distance to participate, such occurrences are not only common, but Grandmother failed to show how her case was negatively affected by the continuance, which amounts to, at most, harmless

3

error. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at \*3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

Grandmother also argues that the family court erred by not appointing a GAL. this argument is misplaced. Grandmother stated in her brief that the family court issued a Rule 22(b) notice wherein the parties were informed that they could submit objections to the court.[5] The purpose of Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court is to allow parties to submit objections to a proposed order drafted by the attorney assigned to write the order. Rule 22(b) is not the proper mechanism to raise new arguments to the court. Accordingly, we find no merit in this argument.

With regards to Grandmother's allegation that the family court asked Father questions and answered for him, the record reflects that the judge followed that method for both parties. The family court judge went through all applicable grandparent visitation factors contained in West Virginia Code § 48-10-502 (2001) and wrote notes about each factor, including information of which he was aware prior to the parties providing their input—in short, the judge wrote down answers for both parties because he already had the information needed. Further, the judge stated that the child needed time to heal, and he believed the parties would realize what is best for the child and that things may change in the future, referring to his hope that grandparent visitation will eventually occur despite his inability to mandate it in a court order. We find no evidence of bias, no prejudice to Grandmother, and no deprivation of Grandmother's due process rights. *See Xerxes R. v.*

---

[5] Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court states the following:

> In proceedings in which one or both parties are represented by attorneys, the court may assign one or more attorneys to prepare an order or proposed findings of fact. An attorney assigned to prepare an order or proposed findings shall deliver the order or findings to the court no later than ten days after the conclusion of the hearing giving rise to the order or findings. Within the same time period the attorney shall send all parties copies of the draft order or findings together with a notice which informs the recipients to send written objections within five days to the court and all parties. If no objections are received, the court shall enter the order and findings no later than three days following the conclusion of the objection period. If objections are received, the court shall enter an order and findings no later than ten days after the receipt of the objections.

*Richard P.*, No. 24-ICA-76, 2024 WL 5003524 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (citation omitted) (holding that the claimant must substantiate his claim of bias or prejudice). While she may not agree with the credibility determinations made by the family court below, the same is not tantamount to bias. Grandmother's simple disagreement with the court's weighing of the evidence does not entitle her to relief. *See State v. Guthrie*, 194 W. Va. 657, 699 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

As her fifth and sixth assignments of error, Grandmother contends that the family court ignored West Virginia Code § 48-10-501 (2006) in what constitutes the best interest of the child.[6] We disagree. The family court inquired of both parties regarding all applicable grandparent visitation factors. Father testified that, at the time of the hearing, he would prefer not to allow grandparent visitation because he and the child are still adjusting to mother's death, and that visitation would interfere with his parent-child relationship. The family court determined that, due to the child's very young age, the fact that Grandmother and the child had no established relationship, and Father's preference not to have grandparent visitation, it was not in the child's best interest to have visitation with Grandmother, as the child was only eleven months old when the mother passed away and seventeen months old when Grandmother filed her petition for visitation. Because the family court thoroughly inquired of both parties and provided thoughtful analysis of the grandparent visitation factors, we find no error in the family court's decision.

Accordingly, we affirm the family court's August 20, 2024, order denying Grandmother's petition for grandparent visitation.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[6] West Virginia Code § 48-10-501 states, "[t]he circuit court or family court shall grant reasonable visitation to a grandparent upon a finding that visitation would be in the best interests of the child and would not substantially interfere with the parent-child relationship."