IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DASHANDA G.,**
**Respondent Below, Petitioner**

**v.)  No. 24-ICA-432**    (Fam. Ct. Jefferson Cnty. Case No. FC-19-2023-D-242)

**SHANE G.,**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner DaShanda G.[1] ("Mother") appeals the Family Court of Jefferson County's September 30, 2024, final divorce order that awarded Respondent Shane G. ("Father") equal 50-50 custody of their children.[2] Father filed a response in support of the family court's order. Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in September of 2005 and had five children during their marriage. The children were born in 2007, 2009, 2012, and 2014.[3] The parties separated in April of 2018 and Father filed for divorce in November of 2023.

On August 6, 2024, the family court held a final divorce hearing. The parties testified that they had no set parenting plan during their separation and parenting time was based on their work schedules. The court informed the parties that there was a rebuttable presumption that they would be awarded 50-50 custody. At the conclusion of the hearing,

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Christopher T. Pritt, Esq. Father is self-represented.

[3] The children born in 2007 are twins.

the court instructed the parties to subsequently submit an agreed 50-50 parenting plan. Based on the record, there was never an agreed parenting plan submitted to the court.

On September 6, 2024, Father's attorney filed a letter informing the family court that the proposed order had been electronically filed. However, while the letter was filed under the correct case number, the case referred to in the letter involved a different Jefferson County Family Court case.[4]

On September 26, 2024, Mother filed her proposed final divorce order, which she titled as Final Divorce Order Response. On September 30, 2024, the family court entered a final divorce order, divorcing the parties and awarding them 50-50 custody of the children pursuant to their supposed agreement. It is from this order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises four assignments of error. Because the first two are closely related, we will consolidate them for our discussion below. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

In her first and second assignments of error, Mother asserts that the family court's order contained insufficient findings of fact and conclusions of law because the parties had not reached a custody agreement. In support of her argument, Mother maintains that the court clearly erred by indicating that the parties had reached an agreement as the record is devoid of any evidence of an agreed parenting plan. We agree.

West Virginia Code § 48-9-206(d) (2022) provides that "[i]n the absence of an agreement of the parents, the court's determination of allocation of custodial responsibility . . . shall be made pursuant to a final hearing, which shall be conducted by the presentation

---

[4] The letter indicated that Rule 22(b) notice was sent to the party in the incorrect case that was filed, but there is no evidence that notice was sent to Mother.

of evidence." Here, the final hearing lasted approximately nine minutes, and the first five minutes consisted of the family court's discussion of the guardian ad litem's investigation and payment. The hearing lacked any presentation of a parenting agreement. Likewise, Mother was never given an opportunity to speak clearly, let alone present any evidence or argument. Rather, the court spoke over Mother and suggested that the parties reach an agreement and submit it at a later date. Accordingly, we conclude that the family court clearly erred by finding that the parties had reached a parenting agreement.

As the Supreme Court of Appeals of West Virginia ("SCAWV") observed in *Heather M. v. Richard R.*, 242 W. Va. 464, 836 S.E.2d 431 (2019), "[a] court cannot presume to know the facts of a case, the character of a party, or the authority of a potential witness without having heard any evidence." *Id*. at 471, 836 S.E.2d at 438. There, the SCAWV found an abuse of discretion and reversed a family court's order when the court refused to allow a parent to present evidence in a custody matter. *Id*.

Here, since there was no agreed parenting plan, in order to decide the appropriate custodial arrangement in this case, it was necessary for the family court to hear and consider evidence from both parties. Rule 2.6(A) of the West Virginia Code of Judicial Conduct states that, "[a] judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law." Thus, we conclude that the family court abused its discretion by making a custodial determination without providing the parties with a meaningful opportunity to be heard in the absence of a parenting agreement.

We express no opinion as to what the family court's ruling should be after providing the parties with a meaningful opportunity to present evidence at a final hearing and are mindful of the statutory presumption in favor of a 50-50 parenting plan. We simply hold, given the circumstances reflected in the record, that the family court clearly erred by finding there was a parenting plan agreement and that the family court abused its discretion by not permitting the parties to present evidence and argument at the final hearing. On remand, the court should schedule a final hearing on the divorce petition and provide the parties with the opportunity to present evidence concerning the issues properly raised by the parties, the opportunity to cross-examine witnesses, and the opportunity to present rebuttal evidence. The court should thereafter enter an order with sufficient findings of fact and conclusions of law. Consistent with our decision, we need not address Mother's remaining assignments of error.[5]

---

[5] Mother's remaining assignments of error are that the family court abused its discretion when it: 1) entered the final order without notice pursuant to Rule 22(b) of the Rules of Practice and Procedure for Family Court; and 2) did not specify which parent could claim state and federal income tax deductions and exemptions for the children.

Accordingly, we vacate the Family Court of Jefferson County's September 30, 2024, final divorce order and remand the case for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White