# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

August 6, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**REGINA MCLAUGHLIN,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-516**   (Fam. Ct. Marion Cnty. Case No. FC-24-2012-D-79)

**JOSEPH M. COLE,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Regina McLaughlin ("Mother") appeals the Family Court of Marion County's December 5, 2024, order awarding Respondent Joseph Cole ("Father") $11,837 in attorney's fees. Father filed a response in support of the family court's decision.[1] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In a prior appeal, we provided a detailed recitation of the facts surrounding the parties' underlying child support action. *See Regina McLaughlin v. Joseph M. Cole*, 24-ICA-343, 2025 WL 899405 (W. Va. Ct. App. March 24, 2025) (memorandum decision) (affirming the family court's order finding Mother in contempt for failing to pay child support). Thus, we will only briefly discuss the background facts of the case in this decision.

Mother and Father were divorced in 2013, and they share three children, all of whom have now reached the age of majority. However, in February 2023, prior to the children reaching the age of majority, Father filed a petition for custodial modification. By order entered in April 2023, Father was granted sole custody, and Mother was ordered to pay $266.71 per month in child support, which she failed to pay. *See McLaughlin*, 2025 WL 899405, at *1.

---

[1] Mother is self-represented. Father is represented by Samantha L. Koreski, Esq.

1

In March 2024, Father filed a contempt petition against Mother based upon her failure to pay the court-ordered child support. Father's contempt petition included a request for attorney's fees and costs, and Father introduced itemized statements in support of those fees and costs at the contempt hearing. Although the family court held Mother in contempt, the court noted that it was not imposing any sanctions or purge requirements upon Mother due to Mother's representations that she did not have the ability to pay. *See McLaughlin*, 2025 WL 899405, at *2.

On August 23, 2024, Mother's husband, Chris McLaughlin, filed a motion to intervene, requesting to be included as a party of interest in the proceedings and asked that he be permitted to testify on Mother's behalf. On August 26, 2024, the family court entered an order denying the motion to intervene.

On September 23, 2024, a hearing was held on Father's request for attorney's fees. Father testified that his attorney's fees from February 2023 through May 2023 totaled $21,201.51. He also testified that he believed the fees were reasonable and that they were only accrued due to Mother's actions and continuous court filings. Mother argued that she was unaware that Father was seeking attorney's fees, despite the itemized statements being entered into evidence approximately sixty days prior. Mother testified that she is dependent on her current husband for support but admitted during cross-examination that she has a LinkedIn account advertising her services as a technical business liaison, social media marketing specialist, personal coach, and professional actor. Additionally, Mother testified that she acted in "indie films," usually once every four years, but that she has been unable to do anything physically since 2019 when she had surgery.

On or about October 10, 2024, the family court received a phone call from the Administrative Office of the Supreme Court of Appeals of West Virginia ("SCAWV") stating that Mother had informed them that the family court did not accommodate her Americans with Disabilities Act ("ADA") accommodation request. The family court informed the SCAWV that Mother had not requested accommodations but that her husband had filed a motion to intervene. Approximately one week later, the family court received another call from the SCAWV directing the family court to conduct future hearings through Microsoft Teams to accommodate Mother. The family court informed the caller from the SCAWV that Mother would need to file a request for a virtual hearing to allow Father to respond, which she did.

On December 5, 2024, the family court entered its order from the September 23, 2024, hearing on attorney's fees. The family court held the hearing by Microsoft Teams to accommodate Mother's ADA request. Mother was ordered to pay Father $11,837.00 in attorney's fees representing his costs between April 2023 through March 2024. The family court did not award fees beyond March 2024 due to Mother's pending appeal in 24-ICA-343. In its order, the family court found that Mother's filings were for "vexatious, wanton, or oppressive purposes and thereby delaying or diverting attention from valid claims" and

2

that her conduct has "forced [Father] to incur unnecessary attorney's fees." Additionally, the family court analyzed the applicable *Banker* case, which states:

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. Pt. 4, *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996).

In analyzing *Banker*, the family court made the following findings of fact and conclusions of law:

- It was a hardship for Father to pay his own attorney's fees.
- Mother made repeated filings which did not result in a final hearing, as she failed to appear for one hearing and exited another early.
- Mother's assertions that she cannot work are not credible, as she holds herself out to the public that she is employable.
- Mother offered no credible evidence that she is unable to produce any income from which attorney's fees may be paid.
- Father's incurred attorney's fees of $11,837.00 were reasonable.
- Father was granted a judgment plus statutory interest against Mother for $11,837.00 in attorney's fees and costs incurred from April 28, 2023, through March 22, 2024.

It is from the December 5, 2024, order that Mother now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises nine assignments of error, several of which will be consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

In her first, second, third, seventh, and eighth assignments of error, Mother asserts that the family court showed bias against her. In doing so, Mother alleges that the court failed to accommodate her medical condition(s), provided ex parte direction to Father's attorney when she exited one hearing early due to illness, misrepresented procedural delays, and failed to meaningfully consider her evidence. We disagree.

To the extent that Mother's arguments below raise the issue of bias by the family court, after our review of the record, we find no evidence of bias, no prejudice to Mother, and no deprivation of accommodations for her alleged medical condition(s). While Mother may not agree with the court's determinations, the same is not tantamount to bias. Mother's mere disagreement with the court's weighing of evidence does not entitle her to relief on appeal. *See generally Xerxes R. v. Richard P.*, No. 24-ICA-76, 2024 WL 5003524 (W. Va. Ct. App. December 6, 2024) (memorandum decision).

Further, to prevail on a claim of bias or prejudice, Mother must substantiate her claim. *See generally Kevin D. v. Alexandria D.*, No. 23-15, 2024 WL 2946662, at *3 (W. Va. June 10, 2024) (memorandum decision) ("Based on our review of the record on appeal, the petitioner has failed to do more than point to a ruling he disagreed with and has failed to substantiate a claim of bias or prejudice."). Here, the record contains ample evidence to support the family court's rulings. Mother actively participated in hearings, had the opportunity to cross-examine Father, presented evidence, and was offered a hearing via Microsoft Teams to accommodate her alleged medical condition(s). Additionally, regarding the ex parte communication that occurred when Mother exited a hearing early, the record reflects that the communication was solely for administrative purposes so that an order could be issued after the hearing, which is harmless error. Mother did not express how such communication harmed her case, and she received both a DVD and the resulting order from the hearing. Thus, we find no error or abuse of discretion with regard to these assignments of error. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

In Mother's fourth, fifth, sixth, and ninth assignments of error, she contends that the family court erred by accepting untimely filed proposed orders, failed to address objections

to proposed orders, and issued a procedurally deficient final order by failing to consider her financial circumstances in its *Banker* analysis. We disagree.

West Virginia Code § 51-2A-7(a) (2013) gives family courts the authority to "manage the business before them," which includes the receipt of proposed orders. Further, Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court does not require the family court to directly address objections to proposed orders. Rather, it states that parties may "send written objections within five days" of receiving the proposed order and "[i]f objections are received, the court shall enter an order and findings no later than ten days after the receipt of the objections." Additionally, even if the family court failed to strictly adhere to deadlines, Mother has failed to show how she suffered prejudice. *See William M. v. W. Va. Bureau of Child Support Enf't*, as cited above.

Regarding the family court's *Banker* analysis as it relates to Mother's financial ability to pay Father's attorney's fees, the family court *did* consider Mother's ability to pay and specifically found that Mother was actively seeking business for her husband's company, held herself out to be employable, offered no credible evidence that she is unable to produce income, and found her testimony regarding her inability to work to be not credible. The SCAWV has consistently held that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). As such, we find no basis in law to warrant relief.

Accordingly, we affirm the family court's December 5, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5