IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
August 6, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

HANNAH G.,
**Respondent Below, Petitioner**

**v.) No. 24-ICA-513**   (Fam. Ct. Cabell Cnty. Case No. FC-06-2017-D-703)

**ERIC S.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Hannah G.[1] ("Mother") appeals the Family Court of Cabell County's November 25, 2024, order denying her petition to modify the parties' parenting plan. Respondent Eric S.[2] ("Father") did not participate in the appeal.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, Mother and Father were never married but share one child ("Child"), born in 2013. Early on, both parties were consistently active and involved in Child's life. By order entered in May 2018, Mother was designated as the primary residential parent. Sometime thereafter, Mother married Shawn G., with whom she shares young children. Shawn G. eventually became physically abusive. In May 2022, with Mother's agreement to keep Child away from Shawn G., the family court entered an order designating Father as the primary residential parent and granting Mother supervised

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

1

parenting time twice weekly through a third-party professional agency, as well as FaceTime calls.

Sometime thereafter, Mother filed a petition for modification. A hearing was held on Mother's petition on October 17, 2024, during which she was given the opportunity to ask questions of witnesses and present evidence. During the hearing, she also moved for a continuance and for the appointment of a guardian ad litem ("GAL") for Child, both of which were denied. Also, during the hearing, Father's counsel asserted that Mother had recently submitted an outdated family court order to Child's school in an attempt to contact Child, and that she tried to get added to Child's online school app despite the family court's previous order that only permitted Mother to contact Child through supervised visitations. The family court entered an order denying Mother's petition for modification on November 25, 2024, holding that no change of circumstances had occurred and reiterating that Mother was to have no contact with Child due to the trauma that Child previously endured while in Mother's care. The court also noted in this order that it was waiting for Mother to complete her parental fitness evaluation to determine what, if any, parenting time she may receive in the future. It is from the November 25, 2024, order that Mother now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises seven assignments of error, which we have consolidated into two issues for decision. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

In her first, second, third, and fourth assignments of error, Mother asserts that the family court showed bias against her by denying her motion to continue, talking down to her during the hearing, communicating with a third party about the case, and by not requiring Father to present evidence in support of his arguments. We are unpersuaded by these arguments. Upon review of the hearing, we find no evidence of bias and no deprivation of Mother's due process rights, as the family court granted her the opportunity to present evidence and to question witnesses. Further, the family court noted that it would reevaluate any parenting time that Mother may receive in the future upon its receipt of her

parental fitness evaluation. While Mother may not agree with the credibility determinations made by the family court, the same is not tantamount to bias. Mother's mere disagreement with the court's weighing of evidence does not entitle her to relief. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Moreover, a party seeking a modification has the burden of proof to establish a change of circumstances warranting the modification. *See Lori B. v. Danny F.*, No. 23-ICA-499, 2024 WL 4051646 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision) (holding that the burden is on the party seeking the modification to establish the required substantial change in circumstances).

In her fifth, sixth, and seventh assignments of error, Mother contends that the family court's "no contact" ruling negatively affects her other children.[4] Specifically, she argues that it has forced her to send her other children to private school and prevents them from participating in their desired sports. Mother also asserts that the court's no contact provision wrongfully denies her the right to access Child's records. We disagree. West Virginia Code § 51-2A-2a (2015) states as follows:

> (a) A family court in its discretion may, at any time during the pendency of any action prosecuted under chapter forty-eight of this code, restrict contact between the parties thereto without a finding of domestic violence under article twenty-seven of said chapter. This order shall not be considered a protective order for purposes of section five hundred seven, article twenty-seven, chapter forty-eight of this code. A court may enter a standing order regarding the conduct expected of the parties during the proceeding. Any standing order may restrict the parties from:
> (1) Entering the home, school, business or place of employment of the other for the purpose of bothering or annoying the other;
> (2) Contacting the other, in person, in writing, electronically or by telephone, for purposes not clearly necessary for the prosecution of the underlying action or any obligation related thereto or resulting therefrom.

Under this statute, the family court has the authority to limit contact between parties and prevent a party from entering a school or business. Mother's arguments have failed to establish clear error or an abuse of discretion by the family court.[5] Her brief primarily

---

[4] Mother's other children are not parties to the underlying action and not subject to the family court's jurisdiction.

[5] A no contact order entered by the family court pursuant to West Virginia Code § 51-2A-2a shall remain in effect until a time specified in the order. *See* W. Va. Code § 51-2A-2a(d). Here, the family court held that the no contact order was required until Child's therapist rendered an opinion that continuing contact would not impair Child's mental

consists of her displeasure with the proceedings below and fails to cite any statutory authority or precedent to support her arguments as required by Rule 10 of our Rules of Appellate Procedure. As such, we find no basis in law to warrant relief.

Accordingly, we affirm the family court's November 25, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

health. Mother does not argue on appeal that the family court's further-opinion-of-a-psychologist condition is insufficient to constitute a "time specified" for purposes of West Virginia Code § 51-2A-2a, so a further analysis of limitations on indefinite no-contact orders is not preserved in this appeal.

4