IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DUSTIN G.**
**Respondent Below, Petitioner**

**v.)  No. 25-ICA-227**          (Fam. Ct. Raleigh Cnty. Case No. FC-41-2016-D-57)

**JENNIFER G.**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Dustin G.[1] ("Father") appeals two orders of the Family Court of Raleigh County entered on April 29, 2025. In the first order, the family court denied Father's motion for reconsideration of the court's September 9, 2024, order that modified custody of the parties' child. In the second order, the family court amended the September 9, 2024, modification order by including additional findings of fact and analysis to support its original determination. Respondent Jennifer G. ("Mother") and the guardian ad litem ("GAL") for the child filed responses in support of the family court's order.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the parents of one child, who was born in 2011. Mother resides in Virginia, just across the West Virginia border. Father has residences in West Virginia and

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Christopher T. Pritt, Esq. Mother is represented by Matthew Brandon Fragile, Esq. The GAL for the child is Joshua T. Thompson, Esq.

1

North Carolina but primarily resides in North Carolina.[3] The parties were divorced by final order on July 15, 2016. On August 23, 2018, the family court entered a parenting plan concerning the custodial allocation of their child.[4]

On August 3, 2023, Mother filed a petition for modification of custody. After a final evidentiary hearing on August 19, 2024, the family court granted Mother's petition by final order entered September 9, 2024. The record indicates that between the filing of Mother's petition for modification and the entry of the September 9, 2024, final order, the court appointed a GAL for the child, the GAL filed his investigative report and custodial recommendation, the parties filed various pleadings, the court conducted various hearings, and the parties participated in mediation, but it was unsuccessful.

In the September 9, 2024, final order that modified custody, the court found that the child was "sufficiently mature and intelligent" pursuant to West Virginia Code § 48-9-209(f)(5)(E) (2024) and "that her preference in her custody should be considered." The order went on to find that the child's preference to attend a certain school, and "spend the majority of the school year with her mother and the majority of the summer with her father" warranted a modification of the parenting plan. As such, the family court awarded primary custody of the child to Mother during the school year, and granted Father parenting time on the first, third, and fifth weekends of every month beginning after school on Fridays and ending at 7:00 p.m. on Sundays. The family court awarded primary custody of the child to Father during the entirety of summer break apart from giving Mother one week of parenting time for a summer vacation. The family court also awarded Father parenting time for the entirety of every spring break of every school year.

On October 8, 2024, Father filed a motion asking the family court to reconsider the September 9, 2024, final order granting Mother's petition for modification. In support of his motion for reconsideration, Father asserted that the September 9, 2024, final order failed to maximize his parenting time pursuant to West Virginia Code § 48-9-102a (2022)[5]

---

[3] The record does not specify the number of days that Father resides in each state. However, in his October 8, 2024, motion for reconsideration, Father maintained that he "has the ability to come to West Virginia one week per month during the school year."

[4] As this order was not included in the appendix record, the details of the August 23, 2018, parenting plan are unknown to this Court on appeal, but later filings indicate that the parties were operating under an equal shared parenting plan.

[5] West Virginia Code § 48-9-102a provides the following:

There shall be a presumption, rebuttable by a preponderance of the evidence, that equal (50-50) custodial allocation is in the best interest of the child. If the presumption is rebutted, the court shall, absent an agreement between the

and lacked sufficient findings of fact and conclusions of law to comply with applicable West Virginia case law.

On February 21, 2025, the family court held a final hearing on Father's motion for reconsideration, which was subsequently denied by final order entered on April 29, 2025. In the final order, the family court found that Father's motion for reconsideration sought to relitigate issues that were previously argued and ruled upon in the court's September 9, 2024, final order. Specifically, the court explained that Father was simply renewing his argument that he could spend part of each month at his West Virginia residence, a fact that the court had previously considered when Father initially asserted it at the August 19, 2024, hearing on Mother's petition for modification of custody.

On April 29, 2025, the family court also entered an Amended Final Order Following August 19, 2024, Hearing. This April 29, 2025, amended final order amended the September 9, 2024, order granting Mother's petition for modification, seemingly by adding detailed facts and conclusions of law to further support its September 9, 2024, ruling. The custodial allocation was not amended. In the April 29, 2025, amended final order, the family court explained that the parties and the GAL all agreed that the child was "a high performing student and student athlete, who excell[ed] both in the classroom and on the soccer field" and was "extremely mature and intelligent for her age." The court further found that the child made her preference clear to the GAL and that her preference was to "spend the majority of the school year with her mother and the majority of summer with her father." As such, the family court concluded that the child was sufficiently mature and intelligent, that her preference in her custody should be considered, and the child's preferences were reasonable and firm, thereby rebutting the presumption for an equal allocation of physical custody, pursuant to West Virginia Code § 48-9-209(f)(5)(E). The court's order also determined that the child's preference was in her best interest. It is from the April 29, 2025, final amended order and the April 29, 2025, final order denying his motion for reconsideration that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family

---

parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare.

court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father asserts two assignments of error that are closely related, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly"). Father argues that the family court's finding that the child preferred to reside primarily with Mother during the school year was clearly erroneous because nothing in the record supported such a finding. Rather, he asserts that the only evidence before the family court was that the child wanted to attend a certain school, which is not a statutory exception to deviate from equal custody. Father further maintains that the family court's April 29, 2025, amended final order contains insufficient findings of fact and conclusions of law to allow this Court to facilitate a meaningful review, arguing that the order lacks any analysis other than making general and conclusory statements. Father alleges that the family court failed to explain how the child's preference was "firm" and "reasonable" pursuant to West Virginia Code § 48-9-209(f)(5)(E), which supports his contention that the order is insufficient. We disagree.

Pursuant to West Virginia Code § 48-9-209(f)(5)(E), when determining whether the presumption of equal custody has been rebutted, a family court must consider whether equal custody is

> [c]ontrary to the firm and reasonable preferences of a child who is 14 years of age or older; and to accommodate, if the court determines it is in the best interests of the child, the firm and reasonable preferences of a child under 14 years of age, but sufficiently matured that he or she can intelligently express a voluntary preference for one parent[.][6]

After a family court makes a determination, the Supreme Court of Appeals of West Virginia has said that the "order must be sufficient to indicate the factual and legal basis for the [family court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996).

---

[6] In essentially mirrored language, West Virginia Code § 48-9-402(b)(4) (2022) provides that a family court may modify a parenting plan without a substantial change in circumstances "if the modification is in the child's best interests" and "[i]s necessary to accommodate the reasonable and firm preferences of a child who is under the age of 14 and, in the discretion of the court, is sufficiently matured that he or she can intelligently express a voluntary preference[.]"

4

"[O]ur task as an appellate court is to determine whether the [family] court's reasons for its order are supported by the record." *Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999).

Here, the child was thirteen years old when the orders on appeal were entered. In support of the family court's finding that the child's voluntary preference was firm and reasonable, the court's April 29, 2025, amended final order discussed how Father testified and agreed that the child was extremely mature and intelligent for her age, excelling on the soccer field and in the classroom. The order went on to explain that the child made a firm preference to the GAL that she wanted to spend the majority of the school year with Mother so that she could attend a certain school and that she wanted to spend the majority of the summer with Father. The court found that the child was not forced, coerced, or under duress when she made her preferences "clear" to the GAL and that it was in the child's best interest to modify the previous parenting plan.

While Father maintains that "nothing in the record" established that the child preferred to live with Mother, the record reflects that the GAL's report filed on August 13, 2024, specifically stated that the child "desires to reside with her mother during the school year, and to reside with her father during the summer months." The GAL's report discussed the reasoning for the child's preference and explained that the child had been attending "various schools both in person and online for the 2023-2024 school year" and although Father desired for the "child's schooling to be accomplished by a blended program with in-person curriculum in North Carolina" in order to preserve equal custody, the child "steadfastly" told the GAL that she desired to "attend in person school," and had "no desire" for a "blended approach."

Further, the family court's April 29, 2025, final order denying Father's motion for reconsideration found that the court had already considered Father's same arguments prior to rendering its September 9, 2024, decision. Specifically, the family court explained that it considered "the physical distance between the parties and the impracticality of a 50/50 physical allocation when [Father] presented evidence of his two residences," along with the child's grades, athletic schedule,[7] and her ability to "cope with protracted litigation" when the parties had "not been able to work cooperatively together for years."

Therefore, based on the record before us and given the highly deferential standard when reviewing a lower court's factual findings, we are unable to conclude that the family court erred in finding that the child's preference to primarily reside with Mother during the

---

[7] West Virginia Code § 48-9-209(f)(5)(A) and (C) (2024) require family courts to consider whether equal custody is "[i]mpractical because of the physical distance between the parents' residences" or "impractical due to each parent's and the child's daily schedules" when determining custodial allocation.

school year was firm and reasonable and in her best interests. *See Argus Energy, LLC v. Marenko*, 248 W. Va. 98, 105, 887 S.E.2d 223, 230 (2023).[8] Moreover, we find that the April 29, 2025, orders on appeal contained sufficient findings of fact and conclusions of law to allow for meaningful appellate review.

Accordingly, we affirm the family court's April 29, 2025, orders.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[8] *See, e.g., Porter v. Bego*, 200 W. Va. 168, 173, 488 S.E.2d 443, 448 (1997) ("We have repeatedly stated that we will accord great deference to findings of fact by a family [court]."); *Jacob H. v. Siera G.*, No. 24-ICA-147, 2024 WL 4787833, at *3 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision) (internal citations and quotations omitted) ("A family court's decision is entitled to significant deference.")